10-2709-ag
Zhong v. Holder

BIA
A029 948 930

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of April, two thousand twelve.

PRESENT:
　　　ROSEMARY S. POOLER,
　　　DEBRA ANN LIVINGSTON,
　　　DENNY CHIN,
　　　　　*Circuit Judges.*

_____

DONGSHENG ZHONG, AKA DONG SHENG ZHONG,
　　　*Petitioner,*

　　v.　　　　　　　　　　　　　10-2709-ag
　　　　　　　　　　　　　　　　NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
　　　*Respondent.*

_____

FOR PETITIONER:　　　Peter S. Gordon, Forest Hills, New York.

FOR RESPONDENT:　　　Tony West, Assistant Attorney General; Thomas B. Fatouros, Senior Litigation Counsel; Pegah Vakili, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dongsheng Zhong, a native and citizen of the People's Republic of China, seeks review of the June 24, 2010, decision of the BIA denying his motion to reopen. *In re Dongsheng Zhong*, No. A029 948 930 (B.I.A. June 24, 2010). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). When the BIA evaluates country conditions evidence submitted with a motion to reopen, we review its findings for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Zhong's motion to reopen as untimely was not an abuse of discretion. A motion to reopen generally must be filed no later than 90 days after the date on which the final administrative decision has been rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no

2

dispute that Zhong's 2009 motion was untimely, as the final administrative decision was issued in 2001. *See id*. However, the time and number limitations do not apply to a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii). Zhong contends that his new Falun Gong activities in the United States constitute changed circumstances. As the BIA noted, Zhong's Falun Gong activities in the United States reflect a self-induced change in personal circumstances, and therefore do not exempt his motion from the applicable bars. *Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008); *Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006).

Zhong also argues that he demonstrated changed country conditions by submitting evidence which shows that conditions for Falun Gong practitioners in China worsened in 2008, and that the BIA overlooked this evidence. However, the BIA specifically referenced this evidence in its decision, and acknowledged that a change in conditions

3

occurred in 1999, when the Chinese government banned Falun Gong, almost a decade before Zhong commenced his Falun Gong practice.  The BIA noted that the evidence showed "continuing repression" of Falun Gong practitioners in China and "substantial repression before and after the 2008 Olympics," not that conditions changed in 2008.  This acknowledgment of the evidence was sufficient.  *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (noting that the BIA does not need to expressly parse or refute every piece of evidence submitted by the petitioner); *Xiao Ji Chen v. US Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006).

Moreover, the BIA's determination that the evidence submitted by Zhong failed to demonstrate any change in condition between 1999, when the Chinese government banned Falun Gong, and 2009, when Zhong filed the motion to reopen, is supported by substantial evidence.  *See Jian Hui Shao*, 546 F.3d at 169.  While the background materials show a general deterioration of human rights around the 2008 Beijing Olympics, and a continued repression of Falun Gong practitioners, there is nothing to show a change of conditions for Falun Gong practitioners in China in a way

4

material to Zhong's claim.  As this evidence supports the BIA's decision that repression of Falun Gong practitioners was ongoing since 1999, the record does not compel a contrary conclusion.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Castro v. Holder*, 597 F.3d 93, 99-100 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5